No. 11,417.

LONDON GUARANTEE AND ACCIDENT CO. ET AL. *v.* INDUSTRIAL
COMMISSION ET AL. ·

Decided December 28, 1925.

Proceeding under the workmen's compensation act.
Judgment for claimants.

*Reversed.*

1.   WORKMEN'S COMPENSATION—*Dependency.*   Where a husband and
     son were killed in the same accident, the widow and children
     being wholly dependent on the husband and father under sec-
     tion 4426, C. L. '21, could not recover compensation for the
     death of the son and brother.

2.        *Dependency—Legal Question.*   Under the existing Colorado
     workmen's compensation act, the question of dependency on a
     husband or father is purely one of law.

*Error to the District Court of the City and County of
Denver, Hon. George F. Dunklee, Judge.*

Mr. WILLIAM E. HUTTON, Mr. B. B. MCCAY, for plaintiffs
in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO
FRIEDRICHS, Assistant, Mr. JOHN S. FINE, for defendants
in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

JAMES K. KEYS and his son, Harvey Clayton Keys (16
years of age), were killed by the same accident.   Sarah
Keys, widow and mother of the dead, made claim for her-
self and minor children on account of the death of the

father, and the commission found that she and the surviving children were totally dependent on him for support and made an award accordingly, which has never been questioned. The widow afterwards petitioned for a lump compensation, which was allowed and paid.

The widow then for herself and said children applied for compensation for the death of the son and brother. The commission found the applicants were twenty per cent dependent on the son and made an award accordingly, which was affirmed by the district court and the insurer brings error.

The second award and the judgment of the district court were wrong, not only wrong but logically impossible. The whole is equal to the sum of all its parts and cannot be more or less. The commission rightly found that the widow and children were wholly dependent on the father. They could not find otherwise, because the statute (C. L. § 4426) is that they *"shall be* conclusively presumed to be wholly dependent"* on the father. "Wholly dependent" on him means that they are dependent on no one else; it has no other meaning; they could not, therefore, be dependent in whole or in part on any other person. The first finding of the commission, res adjudicata, as well as the said section itself, precludes the possibility of the second finding. We paraphrase what we said in *Employers Co. v. Ind. Com.*, 70 Colo. 229, 231, 199 Pac. 483. The argument that claimants might thus lose an award for the greater part of their actual support would be forceful if addressed to the legislature, as we hope it will be, but the statute is explicit, and we cannot add to it or take from it. It is perhaps true that the legislature did not foresee the consequences of section 4426, but we cannot ignore its express terms because we guess or even believe that to be the case, and so give it a meaning more agreeable to us. There never was a statute all the consequences of which were foreseen. The English statute with those of some states is wiser, i. e., that dependency is a question of fact. *Hodgson v. Owners, etc.*, 3 B. W. C. C., 260, 271, 274. The defendants in error have

cited that case but it does not support them. The ground of the decision was, quoting one of the opinions, that "the question of dependency is not a question of law at all. It is purely a question of fact." That proposition, as we have shown, is not true in Colorado, but in case of widow and children the contrary is true. It is purely a question of law.

The judgment of the district court is reversed with directions to disaffirm the award of the commission.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.