BOVEE *v.* ROBERT GAGE COAL COMPANY.

1. WORKMEN'S COMPENSATION—NO DISTINCTION BETWEEN MALE AND FEMALE EMPLOYEES RESPECTING LIABILITY TO PAY COMPENSATION.
    The workmen's compensation act makes no distinction between male and female employees in respect to the obligation of the employer to pay compensation.

2. STATUTES—LEGISLATURE—COURTS.
    The desirability of modifying a statute is a matter for legislative, rather than judicial, concern.

3. WORKMEN'S COMPENSATION—TOTAL DISABILITY—DEPENDENTS—INJURED MOTHER.
    The obligation of an employer to pay workmen's compensation for total disability is measured in part by the number of persons dependent upon an injured employee and the statutory conclusive presumption of dependency as to children under the age of 16 years is not affected by fact that the employee was the mother, rather than the father, of the children, nor by the fact that the father was also employed during the period compensation was paid to the mother (CL 1948, § 412.9, as amended by PA 1949, No 238).

4. COSTS—BRIEFS.
    No costs are awarded appellee who filed no briefs on appeal from workmen's compensation commission and its award is affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 136.
[3] 58 Am Jur, Workmen's Compensation § 307.
[4] 58 Am Jur, Workmen's Compensation § 543.

Appeal from Workmen's Compensation Commission. Submitted October 10, 1951. (Docket No. 66, Calendar No. 45,025.) Decided January 7, 1952.

Lillian Bovee presented her claim for compensation against Robert Gage Coal Company, employer, and Michigan Mutual Liability Company, insurer, for injuries sustained while in its employ. Award to plaintiff. Defendants appeal. Affirmed.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

NORTH, C. J.   Plaintiff, a married woman living with her husband, while in the employ of the defendant Robert Gage Coal Company sustained a compensable injury in November, 1949.   The employer has vountarily paid plaintiff compensation at the rate of $24 per week.   Plaintiff and her husband have 2 children under the age of 16 years, and the 4 live together as a family.   The husband was also employed during the period in question.   When he worked full time his earnings were from $60 to $65 per week, but, on account of illness and layoffs, at times his weekly earnings were reduced to amounts varying from $30 to $40 per week.   The deputy commissioner found plaintiff was entitled to an award of weekly compensation in the amount of $28.   This conclusion was reached by holding that the 2 minor children were, under the applicable statutory provision, dependents of plaintiff.   The employer filed an application for review of the deputy's findings.   The commission affirmed the award at the rate of $28 per week, on the ground that plaintiff was totally disabled and that the 2 minors were conclusively presumed to be dependents of plaintiff.   The employer and its insurer have appealed from the award insofar as the compensation at the rate of $2 per week for each of the minors is included in the total of $28 per week.

Part 2, § 9, of the workmen's compensation act (CL 1948, § 412.9), as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.159), effective September 23, 1949, in part reads:

"Sec. 9. (a) While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to 66⅔ per centum of his average weekly wages, but not more than $24 if such injured employee has no dependents; $26 per week if 1 dependent; $28 if 2 dependents. *    *    *

"(b) For the purposes of this section and of section 10, dependency shall be determined as follows:

"The following persons shall be conclusively presumed to be dependent for support upon an injured employee: *    *    *

"2. A child under the age of 16 years, or over said age, if physically or mentally incapacitated from earning, living with his parent at the time of the injury of such parent.

"(c) In all other cases questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. *    *    * Except as to those conclusively presumed to be dependents, no person shall be deemed a dependent who receives less than ½ of his support from an injured employee."

Briefly, the instant controversy arises from plaintiff's claim that under the statutory provision dependency of the 2 minor children on her is *conclusively presumed.* But on the other hand, the position of defendants is that under the circumstances of the instant case the conclusive presumption applies only to the *father* of these 2 minors. The reasoning of the commission in reaching its conclusion is indicated in its opinion as follows:

"It is significant that the word 'parent', not the word 'father' or the word 'mother', is used in the

aforequoted part of section 9. It is obvious that a mother is a parent. The 2 minor children were under the age of 16 and were living with the mother parent when she was injured. No other condition is imposed by the legislature for the use of the conclusive presumption of dependency in computing the weekly compensation. Under the express provisions of section 9 of part 2 the claimant's 2 minor children are conclusively presumed to be dependent upon her at the time of the injury. Her total disability rate is therefore $28 a week."

Relative to the conclusive presumption of dependency as provided in the Michigan workmen's compensation act, we have said:

"Dependency in whole or in part is primarily and as a rule a question of fact to be determined as evidence may disclose, *with the exception of an absolute presumption of dependency* (irrespective of the facts) in case of husband and wife or minor children under specified conditions. No distinction is made between husband and wife in that particular." *Finn* v. *Detroit, Mt. Clemens & Marine City Railway,* 190 Mich 112, 119 (LRA1916C 1142, 13 NCCA 187).

It is somewhat worthy of note that the statutory provision controlling the instant case was passed by the legislature long after the quite definite statement was made by the Court in the *Finn Case* relative to "an absolute presumption of dependency (irrespective of the facts)."

In the later case of *Froman* v. *Banquet Barbecue, Inc.,* 284 Mich 44, we, in practical effect, approved and followed the holding in the *Finn Case* insofar as it pertained to a statutory conclusive presumption as to dependency. The material difference in factual background of the 2 cases, as well as the Court's holding, is disclosed by the following headnote in the *Froman Case:*

"Child but 15 months of age who was living with her mother at time of latter's death is conclusively presumed to be dependent upon her mother who was divorced from father and awarded 3 dollars a week for the minor's support, hence daughter was entitled to compensation award as for total dependency."

In *Nordmark* v. *Indian Queen Hotel Co.*, 104 Pa Super 139 (159 A 200), the court said:

"It is true as asserted by counsel for appellee, * * * that a father is legally bound to support and maintain his children under the age of 16 years, and that the mother is not bound, as the father is, to the duty of maintaining such children, and her property is not liable for their support. * * * The act makes no distinction between male and female employees in respect to the obligation of the employer to pay compensation. By its terms when a father or a mother or any other person is employed, as this mother was, there arises an implied contract on the part of the employer to pay, in case of death, compensation to the persons entitled under section 307 [workmen's compensation act of June 2, 1915, P.L. 736, as amended]. That section does not make actual dependency of a child, under the age of 16 years, on his parent a condition precedent to his right to receive compensation upon the death of such parent. His right to receive compensation arises from his status as a child of the employee, under the age of 16 years. The obligation of the employer to pay compensation to a child, under the age of 16 years, of a deceased employee arises from his status as an employer or master of an employee who is the father or mother of such a child. If the legislature desired to impose upon an employer of the mother of such a child a different obligation, in respect to the payment of compensation to such child, than upon the employer of the father of such a child, it would have been a simple matter to do so. But it did not. A construction of the statute to the effect that the right of the child of a deceased female employee to receive com-

pensation is different from the right of the child of a deceased male employee is unwarranted by its provisions. Such a construction would amount to judicial legislation."

To like effect in this field of the law, see, also, *Douglas Aircraft Co.* v. *Industrial Accident Commission*, 24 Cal2d 340 (149 P2d 702); *Welch* v. *Welch Aircraft Industries, Inc.*, 108 Ind App 545 (29 NE2d 323).

In accord with the above-noted court decisions; and, as noted in the quoted portion of the commission's opinion, because of the definite provisions as to the "conclusive presumption" of dependency in the workmen's compensation act, there is no room for the statutory construction for which defendants contend. If a modification of the statute is found desirable, it is a matter for the legislature not for the courts.

In affirming the instant award we are mindful of the seemingly rather strange result that it is said might follow. For example, if the father of these 2 minors, during the life of the present award to the mother, suffered a totally disabling personal injury in his employment, then would the father's award also include the additional compensation for the minor children under 16? Without so holding, it may be readily inferred that the legislature provided, in event of double loss of family income, double compensation should be awarded. Nor is it at all controlling that under the facts in this case the plaintiff mother could not be convicted of a charge of nonsupport of the 2 children, or that in making their joint return for income tax plaintiff's husband claimed and took exemptions for these 2 children as dependents. The status of these 2 minors as dependents is definitely fixed by the statute. The provisions of the workmen's compensation act, which act is solely of statutory creation, provided they do

not contravene constitutional provisions, must be regarded by the courts.

The award of the compensation commission is affirmed. Appellee has not filed a brief on this appeal, and no costs will be awarded.

DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred with NORTH, C. J.

SHARPE, BOYLES, and REID, JJ., concurred in the result.