No. 17,242.

UNITED STATES NATIONAL BANK OF DENVER, GUARDIAN
*v.* INDUSTRIAL COMMISSION ET AL.
(262 P. [2d] 731)

Decided November 2, 1953.

Mr. RANGER ROGERS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, for defendant in error, State Compensation Insurance Fund.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ALBERT D. and Ruth C. Conaway, husband and wife, and parents of two minor children, were employed by the Conaway Furnace Company, Inc., whose liability, respondent, State Compensation Insurance Fund, insured. On May 9, 1952, both were instantly killed in an airplane accident while in the course of the employment

of each. The county court of the City and County of Denver appointed the United States National Bank of Denver as guardian of the persons and property of the two minor children. On behalf of the minor children, it filed one claim before the Industrial Commission for death benefits of the father and an identical claim for the death benefits of the mother. There being no real dispute as to the facts, and it being established that the accident was in the course of the ·employment, the two claims were consolidated and hearing was had on December 17, 1952.

The only question presented was whether the dependent children are entitled to compensation benefits because of the death of both of their parents, since each contributed of his earnings to the support of the family, and the respondent insurance carrier demanded and received a premium for the coverage of both parents under the policy of compensation insurance.

A Referee of the Commission, on the strength of the decision of this court in *London Guarantee and Accident Co. v. Industrial Commission,* 78 Colo. 478, 242 Pac. 680, concluded that the claimants were *totally* dependent on their father, and therefore not dependent upon their mother, and on this finding entered an award directing the respondent insurance carrier to pay to the guardian the sum of $121.72 per month beginning as of May 9, 1952, and continuing at the same monthly rate thereafter until the sum of $8,764 has been paid, or until further order of the Commission; and that said monies be credited to the guardianship accounts of the two minor children, share and share alike. The Referee then ordered respondent to pay to the Industrial Commission the sum of $500 for deposit in the subsequent injury fund.

In accordance with the statute, petitions for review were filed before the Commission and the Commission entered its final award which was an approval of the referee's finding. In due course, petition for review was filed in the district court, which, on the 14th day of Aug-

ust 1953, affirmed the award of the Industrial Commission and entered judgment accordingly, which judgment is the subject of this review.

As to any case involving a like set of facts, to be applied to a statute exactly worded as our compensation statute, we are without precedent, and therefore must be governed by the strict provisions of our statute and give the intended liberal effect thereto. The only section of our statute to which we need address ourselves is section 331 of the Workmen's Compensation Act of Colorado, chapter 97, '35 C.S.A.:

"For the purposes of this article the following described persons shall be conclusively presumed to be wholly dependent:

"(a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death, and was not dependent in whole or in part on him for support.

"(b) Minor children of the deceased under the age of eighteen years. The term 'minor child' shall include posthumous children or a child legally adopted prior to the injury."

Because the respondent insurance carrier, the Referee and the trial court seemed to rely upon the case of *London Guarantee and Accident Co. v. Industrial Commission, supra,* as a basis for denial of the claim for benefits to the minor children under the insurance coverage on the mother, a careful study of the opinion in that case has been occasioned. Such study reveals that loose language was employed in the opinion which has led to some likely confusion by other courts and particularly by the compilers of the American Law Reports in the annotation of 45 A.L.R. at page 894, where we find this misleading error, " * * * But in London Guarantee & Acci. Co. v. Industrial Commission (1925) 78 Colo. 478, 242 Pac. 680, it was held, under a statute providing that the widow and children 'shall be conclusively presumed to be wholly dependent on the father,' * * *." The

statute does not so provide, and is not so quoted in the opinion; however, the writer of the opinion in that case did set the pattern for such an error by stating, "They could not find otherwise, because the statute (C.L. § 4426) is that they *shall be* conclusively presumed to be wholly dependent' on the father. * * *." It is at once to be seen that the annotation in A.L.R. is a misquoting, not only of the opinion, but of the statute. It also is to be seen that the writer of the opinion misstated the provisions of the statute, because the statute does not confine the conclusive presumption of dependency wholly on the father. In determining who is conclusively presumed to be wholly dependent it says, *"Minor children of the deceased, * * *."* Where the provision is that the minor children are wholly dependent on the deceased, it means a deceased mother equally as much as it means a deceased father, and especially where the statute does not specifically provide that the minor children are wholly dependent on the father alone. Following the inconsistent interpretation made by the writer of the opinion in *London Guarantee and Accident Co. v. Industrial Commission, supra,* the Referee, and trial court here, if it is to be construed to mean the father only, then on the death of a widowed mother, who was an employee, the children could not recover.

It is significant to note that respondent insurance carrier in the case at hand, required the mother, as an employee, to pay for and have the policy of insurance by which respondent carrier knew that it subjected itself to liability for injury or death to her minor children who were, as a matter of law, wholly dependent upon the insured. Had the mother alone been killed in the unfortunate accident, under the statute, there could have been no denial to her minor children of their claim on the ground that the children were wholly dependent upon the living father. To secure the intended beneficient results of compensation insurance, no such circumvention of the law should be tolerated. "It is a general rule that

unless a workmen's compensation act specifically sets forth who shall be considered to be wholly or partially dependent on the earnings of an employee, dependency, and the extent thereof, are to be determined as questions of fact in accordance with the facts as they existed at the time of the injury to the employee. It seems, therefore, that unless a workmen's compensation act specifically provides that the widow and children shall be presumed, or are conclusively presumed, to be dependent upon the father, the dependents may, in case of the death of two or more of the family, contributing to the support thereof, recover compensation in respect of each. There is, however, but little judicial authority on the specific question." Annotation 45 A.L.R. 894.

In a further analysis of our statute, we say that the conclusive presumption of dependency contained therein is direct warning to the insurer that it is liable to the minor children for the payments provided by statute when an employee, particularly their parent, is killed, and that is irrespective of whether or not the parent actually supported the children. This is a fixed liability as distinguished from measured liability to be determined upon questions of fact concerning the relationship of dependents. These fixed statutory payments are what may be regarded, and were so regarded by the legislature, as the appropriate responsibility of an employer, and not what it actually takes to support a child. The employer cannot successfully argue about the responsibility under this conclusive presumption. The fixed liability and the fixed payments are not a substitute for the actual parents' support of their children. Prior to the enactment of workmen's compensation laws, the employer was subjected to actions for damages in such cases commensurate with the loss of the parents' support.

A close study of the question here presented discloses that it is not a question of double dependency,

but whether or not the conclusive presumption is to be recognized in two separate and different claims based upon the death of two different people, each of whom the respondent required to be insured against this eventuality. Under this statute, the Commission, or the trial court, cannot make a selection as to which parent the liability rests upon, and a determination by the Commission and the court that it rested on the father is without any support in the statute. In Colorado, the question of dependency of a widow and minor children is purely a question of law, and the conclusive presumption contained in the statute which makes it a question of law runs in this case to each of the claims made because of the death of both parents of the minor children. Further analyzed, the statute does not hold that they must be wholly dependent upon only one of the parents. Finally, under the statute in this case, the employer being within the terms of the statute, was required to insure its employees, including the mother of claimants herein, and therefore the insurer cannot escape liability to answer to these minor children for her death.

The judgment is reversed and the cause remanded with instructions to the district court to refer the matter to the Industrial Commission with directions to enter its award in claimants' favor.