JOSEPH PETROZZINO, PETITIONER-APPELLEE, v. MONROE CALCULATING MACHINE COMPANY, INC., RESPON-DENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1966—Decided January 11, 1966.

─────────

Before Judges GAULKIN, LABRECQUE and BROWN.

*Mr. David L. Hack* argued the cause for appellant (*Messrs. Haskins, Robottom & Hack,* attorneys).

*Mr. Charles J. Farley, Jr.* argued the cause for appellee.

The opinion of the court was delivered by

LABRECQUE, J. A. D. Respondent employer, Monroe Calculating Machine Company, Inc., appeals from a judgment of the Essex County Court which reversed a prior judgment of the Division of Workmen's Compensation denying compensation for the death of petitioner's wife.

On October 3, 1961 petitioner's wife, Madeline Ruth Petrozzino, met her death from work-connected causes, leaving her surviving her husband, the petitioner, and her minor son, Charles, age 3. Petitioner filed a claim for dependency death benefits under the Workmen's Compensation Act. At the trial (which took place before the decision in *Ricciardi v. Damar Products Co.*, 45 *N. J.* 54 (1965)) he did not press his own claim but contended that, by virtue of *N. J. S. A.* 34:15–13 (g), dependency was conclusively presumed as to his infant son. The judge of compensation, holding that there was no such presumption, dismissed the petition. The County Court reversed, holding that the Legislature "intended to enact a conclusive presumption with respect to natural children of working mothers as well as working fathers." The present appeal followed.

The point raised is one of novel impression in New Jersey. The applicable statute, *N. J. S. A.* 34:15–13 (g), provides:

"The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or the occurrence of occupational disease, or at the time of death, namely: Husband, wife, parents, stepparents, grandparents, children, stepchildren, grandchildren, child in esse, posthumous child, illegitimate children, brothers, sisters, half brothers, half sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children. Dependency shall be conclusively presumed as to the *decedent's* widow and natural children under 18 years of age who were actually a part of the *decedent's household at the time of his death.* Every provision of this article applying to one class shall be equally applicable to the other. * * *" (Emphasis added)

██ We hold that the statute did not operate to create a conclusive presumption of dependency in favor of the infant. While the word "decedent" may be used to designate a man or woman, the word "widow" may not. In *Ricciardi v. Damar Products Co., supra,* the widower of a working wife was required to establish his partial dependency by proofs. In the absence of a statutory definition of the word "widow," it is to be given its ordinary meaning, *i. e.,* a married woman whose husband is dead. The presumption of dependency exists in

favor of such children as are actually a part of decedent's household at the time of *his* death. The word "his" could not have reference to a mother since she could not leave a widow surviving her. To hold otherwise would be to give a tortured interpretation to words which are otherwise clear and unequivocal.

Petitioner cites *Nordmark v. Indian Queen Hotel Co.*, 104 *Pa. Super.* 139, 159 *A.* 200 *(Super. Ct.* 1932) ; *United States Nat. Bank of Denver v. Industrial Com'n*, 128 *Colo.* 417, 262 *P. 2d* 731 *(Sup. Ct.* 1953), and *Bovee v. Robert Gage Coal Co.*, 332 *Mich.* 259, 50 *N. W. 2d* 878 *(Sup. Ct.* 1952), as authority for the construction he seeks. Our consideration of them leads to the conclusion that in each case the court's concern was with statutes whose wording differed substantially from our own.

We take judicial notice of the fact that working mothers were far less common in 1913 (when the first presumption of dependency was enacted into law) than today, and that nowadays, upon their decease, such mothers frequently leave minor children who are dependent upon them for support. It may well be that good reason presently exists for extension of the statutory conclusive presumption of dependency to such children of working mothers. However, the Legislature has not seen fit to do so and we are not inclined to strain the words of the statute to accomplish this result, especially in view of the fact that children (and husbands) of working mothers may still recover on the basis of actual dependency.

██ In the instant case, in the absence of a presumption in favor of dependency, petitioner had the burden of establishing that his son was wholly or partially dependent upon decedent at the time of her death. *Ricciardi v. Damar Products Co.*, 82 *N. J. Super.* 222, 226 *(App. Div.* 1964), reversed on other grounds 45 *N. J.* 54 (1965) ; 2 *Larson, Workmen's Compensation*, § 62.30, *p.* 99, § 63.00, *p.* 101 (1952). Towards the close of the case, he sought to adduce additional testimony on the question of dependency but was not permitted to do so. Such testimony should have been received.

The judgment of the County Court is accordingly reversed and the matter is remanded to the Division of Workmen's Compensation for the receipt of such proofs as may be submitted on the question of the dependency of the child, and the entry of judgment in accordance therewith. See *Ricciardi v. Damar Products Co., supra,* 45 *N. J.,* at *p.* 62 *et seq.*