474 P.2d 450

Earl BERGSTRESSER, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

Western Greyhound Lines, Division of the
Greyhound Lines, Inc., Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 392.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 21, 1970.

Rehearing Denied Oct. 2, 1970.

Review Denied Nov. 24, 1970.

See also 105 Ariz. 27, 458 P.2d 961.

Lawrence Ollason, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent carrier State Compensation Fund.

HAIRE, Judge.

The sole issue in this Workmen's Compensation proceeding is whether, under the

statutory law as it existed prior to January 1, 1969, an injured workman awarded temporary total disability benefits at 65% of average monthly wage is entitled under the terms of A.R.S. § 23–1045, subsec. A to (1) an additional $10 per month for *each* of his dependents, or (2) a single additional $10 per month for *all* of his dependents, regardless of their number.

The petitioning claimant was industrially injured in 1967. He has a dependent wife and five dependent children. The award of the Industrial Commission to which petitioner excepts held that he was entitled to temporary total disability benefits from and after August 29, 1968, at 65% of his average monthly wage, plus an additional $10 per month on account of his dependents. Petitioner had sought an additional $60 per month, or $10 for each dependent.

§ 23–1045, subsec. A, prior to its amendment in 1968, read as follows:

"A. For temporary total disability the following compensation shall be paid:

"1. If there is no one residing in the United States totally dependent upon the employee at the time of the injury, compensation of sixty-five per cent of the average monthly wage shall be paid during the period of disability, not to exceed one hundred months.

"2. If there are persons residing in the United States totally dependent for support upon the employee, compensation shall be paid as provided in this chapter *with an additional allowance of ten dollars per month for such dependents* during the period of disability." (Emphasis added.)

Petitioner argues that even if the emphasized language in § 23–1045, subsec. A, par. 2 is anything but plainly in line with his position, it is at least ambiguous, and should be liberally construed in his favor in view of the remedial purposes of the Workmen's Compensation Law. The position of the respondent Fund is that the statute clearly provides for one single additional $10 monthly payment for all dependents collectively. The Fund also points out,

without dispute from petitioner, that § 23–1045, subsec. A, par. 2 has been consistently interpreted by the Industrial Commission for over 40 years since its enactment in 1925 to call for only one single minimum-and-maximum $10 additional payment regardless of the number of dependents. The dispute between the parties carries over into a debate as to whether the 1968 amendment of § 23–1045, subsec. A substantively altered or merely clarified the critical terms of § 23–1045, subsec. A, par. 2, set forth with emphasis above. The 1968 amendment of § 23–1045, subsec. A consists of the addition of two sentences to § 23–1045, subsec. A, par. 2, so that the latter now reads as follows:

"2. If there are persons residing in the United States totally dependent for support upon the employee, compensation shall be paid as provided in this chapter with an additional allowance of ten dollars per month for such dependents during the period of disability. The additional allowance shall not be based upon a per capita number of dependents but shall reflect a total monthly benefit increase of exactly ten dollars. The provisions of this paragraph shall be retroactive with respect to payments previously made."

Preliminarily, we note that the respondent Fund has not attempted to sustain the decision of the Commission on the basis of the last sentence of the amended provision which purports to give the subsection an amended retroactive effect. We presume that the respondent recognizes the obvious constitutional question that such a contention would raise in view of the provisions of the second paragraph of Article 18, § 8 of the Arizona Constitution, A.R.S. regarding reduction of workmen's compensation benefits. Under the construction we place upon the subsection prior to its amendment as hereinafter stated, there is no need for us to consider the purported retroactive provision and its attendant constitutional problem.

■■ There is no question but that this Court will, in the case of truly doubtful

language, favor a liberal construction of the Workmen's Compensation Law in order to effectuate its remedial purposes. *See* Dunlap v. Industrial Commission, 90 Ariz. 3, 6, 363 P.2d 600, 602 (1961). But it should be borne in mind that "[a] liberal construction is not synonymous with a generous interpretation." Nicholson v. Industrial Commission, 76 Ariz. 105, 109, 259 P.2d 547, 549 (1953). We will not impose burdens and liabilities which are not within the terms or spirit of the Workmen's Compensation Law. Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511 (1945).

■ We see no ambiguity in § 23–1045, subsec. A, par. 2 as it existed prior to amendment in 1968. In our view, it plainly provides for one additional $10 payment for all dependents collectively, regardless of number. If the enacting legislature had intended to provide for multiple $10 increments in the case of multiple dependents, it could have done so in the simplest appropriate terms. Petitioner's argued-for construction cries out for the "each" that is not there. The fact that the legislature saw fit to further elaborate upon the critical language in 1968 and add a purported retroactive clause for good measure does not require a conclusion that the previous language was ambiguous or otherwise detract from the prior interpretation which we deem correct. Our conclusion is reinforced by the long-standing administrative interpretation given to § 23–1045, subsec. A, par. 2. *See* Long v. Dick, 87 Ariz. 25, 347 P.2d 581 (1959).

■ Petitioner argues that the construction which we give to the statute is unconstitutional because it results in a denial of the equal protection of the laws to injured workmen with large families.

If the pertinent provision as we have construed it were subject to a constitutional infirmity, we fail to see how it could avail petitioner here, since this Court would have no power to create by judicial fiat another, more generous, formula of compensation benefits. But if we seize petitioner's constitutional bull by the horns, we are unable to see any possible offense against the equal protection clauses of either federal or state constitutions.

■ Workmen's Compensation benefits are intended to take the place of a workman's earnings to a limited extent. It is common knowledge that in our society with its free labor market wages and salaries are usually determined by the duties and labor a workman performs, and not by the number of his dependents or the extent of his family responsibilities. If § 23–1045, subsec. A merely provided for compensation at the rate of 65% of average monthly wage, without any additional payment at all for dependents,[1] petitioner would presumably have no constitutional objection. We fail to see how the legislation becomes constitutionally objectionable under the equal protection clause when it goes further and provides for an extra $10 monthly to an injured worker who has one or more dependents. Contrast the principles under consideration with those in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), involving a state family welfare program established pursuant to the federal "Aid to Families with Dependent Children" legislation in which benefits are geared to family need.

Award affirmed.

EUBANK, P. J., and JACOBSON, J., concur.

---

1. Most states apparently do not provide for additional compensation on account of dependents to workers receiving temporary total disability benefits. *See* Table 10 of Appendix B in 3 A. Larson, The Law of Workmen's Compensation 532–534 (1968).