535 P.2d 634

Maria PADILLA, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Environmental Farms, Inc., Respond-
ent Employer,

·State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 1136.

Court of Appeals of Arizona,
Division 1,
Department C.

May 15, 1975.

Rehearing Denied June 13, 1975.

Review Granted July 10, 1975.

Davis & Eppstein by Robert W. Eppstein, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix by George B. Morse, Tucson, for respondent employer and respondent carrier.

## OPINION

NELSON, Presiding Judge.

This appeal presents the following question: where both parents are employed, and pool their incomes to support their household and their children, and one parent is industrially injured and on total temporary disability status, is he or she entitled to the $10.00 per month dependency allowance provided by our Workmen's Compensation Statutes (A.R.S. § 23–1045.A.2)?

Petitioner, Maria Padilla (Padilla), was injured on May 13, 1973. Respondent carrier accepted her claim for workmen's compensation benefits and determined her average monthly wage to be $393.28. Padilla thereafter protested the carrier's determination that she had no dependents.

Padilla was, at the time of the injury, married as she had been for sixteen years. There were three minor children of the marriage, all living at home with Padilla and her husband. Both parents were employed, with Padilla earning approximately $393.28 per month, and with her husband earning approximately $650.00 per month "take home". The pay checks of both Padilla and her husband were cashed and the money was applied to the general living expenses of the entire family.

On these stipulated facts the Industrial Commission, without hearing, issued its award finding that Padilla was not entitled to the $10.00 per month dependency allowance provided for in A.R.S. § 23–1045.A.2. The award was affirmed on review before the Commission, and Padilla sought review in this Court by Writ of Certiorari. We now set aside the award of the Industrial Commission.

Section 23–1045.A.2 of the Arizona Revised Statutes provides:

"2. If there are persons residing in the United States totally dependent for support upon the employee, compensation shall be paid as provided in this chapter with an additional allowance of ten dollars per month for such dependents during the period of disability. The additional allowance shall not be based upon a per capita number of dependents but shall reflect a total monthly benefit increase of exactly ten dollars. . . . "

Applying the "plain meaning" rule of statutory construction, the hearing officer determined, with reference to the stipulated facts, that neither Padilla's husband nor their three minor children are *totally dependent* upon her. Padilla assigns as error the Commission's determination that she has no dependents who are *totally dependent* upon her.

Initially Padilla observes that the words "totally dependent" are not defined in A.R.S. § 23–1045.A.2, and the only place where those words are defined is in A.R.S. § 23–1064.A which provides:

"A. The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury.

2. A husband upon a wife whom he has not voluntarily abandoned at the time of the injury.

3. A natural, posthumous or adopted child under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the injured parent. Stepparents may be regarded as parents, if dependent, and a stepchild as a natural child if dependent."

Padilla urges that when we determine "total dependency" under A.R.S. § 23–1045.A.-2 we must apply the conclusive presumption of A.R.S. § 23–1064.A. Otherwise, Padilla asserts, A.R.S. § 23–1045.A.2 would

be an impractical statute to the extent that it could never be applied where a spouse or any dependent makes any contribution, regardless of the amount, to the family income.

Respondents counter Padilla's argument of presumption dependency by citing Bergstresser v. Industrial Commission, 13 Ariz.App. 91, 474 P.2d 450 (1970) for the propositions that this Court has already determined that A.R.S. § 23–1045.A.2 (as it existed prior to 1968) is unambiguous and that this Court will not impose burdens and liabilities which are not in the terms or spirit of the Workmen's Compensation Law. Acknowledging that respondents' reference to the *Bergstresser* case, supra, is accurate, we are nevertheless unable to see its applicability to the present case. In *Bergstresser,* supra, the claimant urged that A.R.S. § 23–1045.A.2 was ambiguous in its terms and an unconstitutional denial of equal protection in that it awarded no more compensation to an injured workman with several dependents than it did to an injured workman with a single dependent. The *Bergstresser* opinion does not discuss, nor did the decision turn on the meaning of "totally dependent".

Respondents also counter Padilla's argument of presumption of dependency on the basis that there is an ambiguity inherent in A.R.S. § 23–1064.A.3 which would be carried over to A.R.S. § 23–1045.A.2. In essence A.R.S. § 23–1064.A.3 says that stepchildren and stepparents are conclusively presumed to be dependent if they are dependent. That issue is not now before us and does not functionally impair Padilla's reference to A.R.S. § 23–1064.A for purposes of defining "totally dependent" in A.R.S. § 23–1045.A.2.

■ We are unaware of any rationale which justifies a conclusive presumption of total dependency in the event of a fatal industrial injury as opposed to an industrial injury which is totally disabling. Dependents suffer a great economic loss in either case. To this limited extent, Padilla's reference to A.R.S. § 23–1045.A has merit, and the statutes should be considered *in pari materia* on this point. Kasprowiz v. Industrial Commission of Arizona, 14 Ariz.App. 75, 480 P.2d 992, appeal after remand, 20 Ariz.App. 116, 510 P.2d 427 (1973); In re Stark's Estate, 52 Ariz. 416, 82 P.2d 894 (1938).

Padilla next urges that "totally dependent" as used in A.R.S. § 23–1045.A.2 should have a unitary connotation. More precisely, a dependent should be regarded as being *totally dependent on each working parent at the same time.* This is the operative effect of the conclusive presumption in A.R.S. § 23–1064.A. In support of this contention, Padilla cites cases from other jurisdictions having a death benefit statute similar to A.R.S. § 23–1064.A. See: Bovee v. Robert Gage Coal Co., 332 Mich. 259, 50 N.W.2d 878 (1952); United States National Bank of Denver v. Industrial Commission, 128 Colo. 417, 262 P.2d 731 (1953); Utah Fuel Co. v. Industrial Commission of Utah, 67 Utah 25, 245 P. 381, 45 A.L.R. 882 (1926).

■ We must determine whether the term *totally dependent* as it is used in A.R.S. § 23–1045.A.2 means total dependence on the *family unit,* i. e., each working parent at the same time. We believe this to be the proper construction of A.R.S. § 23–1045.A.2.

■ The legislative purpose of A.R.S. § 23–1045.A.2 is to provide additional compensation to industrially injured workmen with dependents, albeit an almost negligible amount by today's economic standards. Except for recodification of our statutes in 1956 and for certain amendments adding additional language not here relevant,[1] the "totally dependent" language of A.R.S. § 23–1045.A.2 has been present in our statutes relating to compensation for total disability for at least thirty-five years. Arizona Code of 1939 § 56–956(a); Laws 1939, Ch. 28, § 10, p. 53.

---

1. See Laws 1968, 4th S.S., Ch. 6, § 45; Laws 1973, Ch. 133, § 26.

In the past it was reasonable to assume that the primary source of family income was the employment of the husband/father. More likely than not, dependents were totally dependent upon the income of the husband/father to finance necessary living expenditures. Under such circumstances, in the unfortunate event that the husband/father were industrially injured he would be entitled to the additional compensation provided in A.R.S. § 23–1045.A.2.

The complexities of modern life have increased the financial requirements of individuals and of families. Where it may have been an infrequent occurrence to find a working mother/wife in 1939, it is now often the normal situation. To ignore this development is to blatantly ignore an actual fact: family financial needs now regularly require that each parent or spouse participate in the generation of income. The inescapable consequence of this fact is that their dependents are totally dependent upon the income generated by each working parent at the same time.

Section 23–1045.A.2 must be construed with reference to these social and economic changes. The fact that responsibility for generating family income now frequently rests with both parents rather than one does not in and of itself change the clear legislative purpose of the statute. Statutes are to be construed so as to carry out the purpose and intent of the legislature. Industrial Commission of Arizona v. Harbor Ins. Co., 104 Ariz. 73, 449 P.2d 1 (1968). Technical statutory wording must yield when the clear legislative intent will be frustrated. In re Henry's Estate, 6 Ariz.App. 183, 430 P.2d 937 (1967).

█ Accordingly, we hold that the language of A.R.S. § 23–1045.A.2 must be construed to mean that dependents are "totally dependent" upon each working parent at the same time as if each were solely responsible for generating the entire income of the family. We perceive this construction to be in keeping with the humanitarian and compassionate motive which caused the adoption of the statute. See Bierman v. Industrial Commission of Arizona, 2 Ariz.App. 548, 410 P.2d 666 (1966); Camis v. Industrial Commission of Arizona, 4 Ariz.App. 312, 420 P.2d 35 (1966). A contrary holding would have the effect of denying the additional dependency allowance in any situation where both husband and wife work or even where a child as a paper route or other similarly minimal income. While we stress that a contrary construction is both unrealistic and impractical in today's working society, a recent United States Supreme Court decision makes it clear that any other construction could possibly render the statute unconstitutional in its application.

On March 19, 1975, in the decision in Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed. 514 (1975), the Supreme Court of the United States found that the provisions of 42 U.S.C. § 402(g) of the Social Security Act which provided benefits to widows and minor children in the event of the death of a husband and father covered by the Act, but provided benefits only to minor children and not to the widower in the event of the death of a wife and mother covered by the Act, unjustifiably discriminated against women wage earners by affording them less protection for their survivors than is provided to male employees. Justice Brennan, referring to the legislative history of § 402(g), supra in 1939, comes to essentially the same conclusion this Court has reached:

"Thus, the framers of the Act legislated on the 'then generally accepted presumption that a man is responsible for the support of his wife and child.' [Citation omitted]

"Obviously, the notion that men are more likely than women to be the primary supporters of their spouses and children is not entirely without empirical support [Citation omitted] But such a gender-based generalization cannot suffice to justify the denigration of the efforts of women who do work and whose earnings contribute significantly to their

families' support." 420 U.S. at 645, 95 S.Ct. at 1231, 43 L.Ed. at 523.

In finding this case indistinguishable from its decision in Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973) wherein the court struck down a statute making the wives of servicemen conclusively presumed to be dependent upon the husband, but requiring a servicewoman to prove she supplied more than 50% of her husband's support before dependents' benefits would be available, the court makes further observations apropos to the case here under review:

> "Second, in this case social security taxes were deducted from Paul's salary during the years in which she worked. Thus, she not only failed to receive for her family the same protection which a similarly situated male worker would have received, but she also was deprived of a portion of her own earnings in order to contribute to the fund out of which benefits would be paid to others. Since the Constitution forbids the gender-based differentiation premised upon assumptions as to dependency made in the statutes before us in *Frontiero,* the Constitution also forbids the gender-based differentiation that results in the efforts of women workers required to pay social security taxes producing less protection for their families than is produced by the efforts of men." 420 U.S. at 645, 95 S.Ct. at 1232, 43 L.Ed. at 523.

The construction of A.R.S. § 23–1045.A.2 which we are adopting herein is apparently not too dissimilar from the Commission's construction where it applies the statute to industrially injured male employees. The parties conceded in oral argument that where the victim with a compensable industrial injury is a male with dependents, the Commission administratively presumes that all of his dependents are totally dependent upon him. Applying such a presumption of total dependency in favor of industrially injured male employees but not industrially injured female employees is an unquestionable denial of equal protection of the law for which we can find no rational basis. Weinberger v. Wiesenfeld, supra, Frontiero v. Richardson, supra. A further restrictive construction applying the statute only to cases wherein one spouse or parent actually provided the total support would be similarly objectionable. *Weinberger* and *Frontiero,* supra.

When a statute is not unconstitutional on its face, which is the case here, it should be construed, if at all possible, to fulfill the legislative intent in a manner constitutionally permissible and valid. Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (1970); Selective Life Insurance Company v. Equitable Life Assurance Society of the United States, 101 Ariz. 594, 422 P.2d 710 (1967). Our construction of A.R.S. § 23–1045.A.2 accomplishes the legislative intent and renders the statute constitutional in its application.

The award is set aside.

STEVENS, J., concurs.

WREN, Judge (dissents).

I would agree with the majority that A.R.S. § 23–1045(A)(2) is impractical in its application today. However, it was just as impractical in 1939 when applied to families where both parents worked. The point is that the legislature at the time it enacted § 23–1045 was not unaware of the situation of families with two working parents. The legislature considered it and chose not to specially provide for it. If today, due to the increase in the number of families with two working parents, either public policy has changed, or the wisdom of providing for this situation has been made more evident, it is the function of the legislature, and not this Court, to change the law. The Court's function is to construe and enforce laws *as they are,* and not to legislate social policy on the basis of personal inclinations. Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974); Evans v. Abney, 396 U.S. 435, 90 S.Ct. 628, 24 L.Ed.2d 634 (1970); Lueck v.

Superior Court, County of Cochise, 105 Ariz. 583, 469 P.2d 68 (1970); Tovrea Packing Co. v. Tapia, 63 Ariz. 503, 163 P. 2d 852 (1945); State v. Harpham, 2 Ariz. App. 478, 410 P.2d 100 (1966).

The majority has amended § 23–1045 under the guise of statutory construction. Specifically they have amended the phrase in subsection (A)(2), *totally dependent for support upon the employee* to read *totally dependent for support upon the employee or his family*. In my opinion, the majority's claimed statutory construction contravenes the express language and intent of § 23–1045(A)(2). The majority has imported a meaning to a statute devoid of language capable of expressing it.

To justify its action, the majority states that construing the language of the statute according to its plain meaning would frustrate the purpose of the statute. So caught up is the majority with the purpose of this particular section, that they ignore the purpose of legislation, which is of course, designed for communication to the public at large. As the majority's opinion illustrates, the danger in interpreting the terms of a statute substantially different from their meaning in common parlance, is that public confidence and trust in written enactments is undermined. As pointed in Kilpatrick v. Superior Court, 105 Ariz. 413, 422, 466 P.2d 18, 27 (1970), "[I]f the sense of a word is not to be taken in its usual and commonly understood meaning . . . it becomes impossible for men to mean what is said or say what they mean and purposeful communications is unattainable." It is for this reason there exists the cardinal rule that unless the context of a statute indicates otherwise, words of a statute are to be given their ordinary meaning. State Tax Commission v. Peck, 106 Ariz. 394, 476 P.2d 849 (1970); Huerta v. Flood, 103 Ariz. 608, 447 P.2d 866 (1968); State v. Curry, 97 Ariz. 191, 398 P.2d 899 (1965). As stated in *Kilpatrick, supra*:

"There is no magic in statutory construction and no legal legerdemain should be used to change the meaning of simple English words so that the resulting interpretation conforms the statute to the sociological and economic views of judges or lawyers. Words are to be given their usual and commonly understood meaning unless it is plain or clear that a different meaning was intended." 105 Ariz. at 421, 466 P.2d at 26.

The language of § 23–1045(A)(2) is not used in any technical sense, and as acknowledged by the majority, no ambiguity exists therein. The meaning of the language is clear. Totally dependent for support upon the employee means exactly what it says. The majority's construction of this language, to wit, that a person does not have to be totally dependent on the injured employee, as long as he is totally dependent upon the family unit, is simply untenable.

The majority further asserts that its construction of the statute comports with the legislative intent. Yet they ignore the rule that intent of the enacting body must be found in the language of the statute. Marquez v. Rapid Harvest Co., 89 Ariz. 62, 358 P.2d 168 (1960); Barlow v. Jones, 37 Ariz. 396, 294 P. 1106 (1930). Instead, the majority attempts to ascertain the legislature's intent through surmise and speculation. They delve into a historic comparison of the number of working women in the labor market between 1939 and present day. They conclude that if the legislature in 1939 had been aware of economic and social conditions as they exist today, they would have, no doubt, provided for it in the same way as the majority has done here.

The majority's opinion thus provides another illustration. In ascertaining legislative intent, one can conceivably follow the majority's approach and consider the legislature's *subjective intent,* and thus, reach a conclusion supportable only by conjecture. On the other hand, one can ascertain intent by looking to the language of the statute as the most true and accurate guide. Certainly, the latter is the only practical

and realistic method, for in examining the language of the statute, one has before him an *objective manifestation of intent.*

The majority has not ascertained the legislature's intent here. Instead, they have ascribed an intent to the enacting body, based solely on their own personal beliefs. In doing so, the majority disregards the following proscription enunciated in *Kilpatrick*, supra:

"Courts are not at liberty to impose their views of the way things ought to be simply because that's what must have been intended, otherwise no statute, contract or recorded word, no matter how explicit, could be saved from judicial tinkering." 105 Ariz. 422, 466 P.2d at 27.

Finally, the majority acknowledges that there are no constitutional infirmities with § 23–1045(A)(2) as applied pursuant to its plain meaning. I find no justification for the Court's ignoring that plain meaning and attributing to the statute a different meaning that the words of the statute are incapable of bearing. The change in § 23–1045 that the majority's decision effectuates should have been left to the legislative branch of our government.

I would affirm the award.