546 P.2d 1135

Maria **PADILLA**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

Environmental Farms, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 12184–PR.

Supreme Court of Arizona, In Banc.

March 9, 1976.

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by George B. Morse, Tucson, for respondent employer and respondent carrier.

STRUCKMEYER, Vice Chief Justice.

Petitioner, Maria Padilla, suffered an industrial injury on May 13, 1973. She was married and although she helped to support her family, the Commission declined to award her an additional allowance of $10.-00 per month for dependents as set forth in A.R.S. § 23–1045(A)(2). The Court of Appeals set aside the award. We accepted review. Opinion of the Court of Appeals, 24 Ariz.App. 42, 535 P.2d 634, vacated and the award of the Industrial Commission affirmed.

The facts are not in dispute. At the time of her injury, petitioner was married and had three minor children between the ages of ten and fifteen years, all living at home with their parents. Petitioner earned $393.28 per month and her husband $650.00 per month. The combined earnings were used to support the family.

A.R.S. § 23–1045(A) reads, in its pertinent part:

"For temporary total disability the following compensation shall be paid:

* * * * * *

2. If there are persons residing in the United States *totally dependent* for support upon the employee, compensation shall be paid as provided in this chapter

with an additional allowance of ten dollars per month for such dependents during the period of disability. The additional allowance shall not be based upon a per capita number of dependents but shall reflect a total monthly benefit increase of exactly ten dollars. * * *" (Emphasis supplied)

The Commission declined an award of $10.00 a month because petitioner's three children were not "totally dependent" upon her for support.

The phrase "totally dependent" as used in § 23–1045 has not been defined by the Legislature. It has provided for a presumption of total dependency in the case of deceased employees in this language:

"The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury.

2. A husband upon a wife whom he has not voluntarily abandoned at the time of the injury.

3. A natural, posthumous or adopted child under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the injured parent. Stepparents may be regarded as parents, if dependent, and a stepchild as a natural child if dependent." A.R.S. § 23–1064(A).

Petitioner, while recognizing that § 23–1064(A) specifically refers to dependents of deceased employees, bases her appeal upon the premise that the same conclusive presumption should likewise apply to dependents of injured employees.

We are unable to agree.

The most basic rule of statutory construction is that in construing the legislative language, courts will not enlarge the meaning of simple English words in order to make them conform to their own peculiar sociological and economic views. *Kilpatrick v. Superior Court*, 105 Ariz. 413, 466 P.2d 18 (1970). And this is true even though the interpretation which the court renders is harsh and uncompassionate. Equally fundamental is the presumption that what the Legislature means, it will say. Hence, had the Legislature intended the presumption of total dependency to apply to injured employees, it would have said so. The language "deceased employee" precludes applying the presumption to a "disabled employee." The legislative language rejects an application of the presumption to other than deceased employees.

We note when the statute was first enacted it authorized a payment of $10.00 per month for the support of dependents of an injured employee, *see* Laws of 1939, Ch. 28, § 10. And although it is common knowledge that inflation has severely reduced the purchasing power of the dollar since 1939, the Legislature has not increased the amount from the initial $10.00, even though the statute was amended in 1968, Laws of 1968, 4th S.S., Ch. 6, § 45. We are compelled to conclude that the Legislature for its own reasons has kept the amount at $10.00. We do not presume the prerogative of rewriting a statute which is clear and unambiguous. Petitioner's children are not totally dependent on her for support; hence, she does not qualify under the statute.

Petitioner argues that to hold as we do here will mean that there can never be a dependency allowance paid if both parents earn income out of which the family is supported. While this result may seem inequitable, we cannot substitute our views for the Legislature's precise language.

Award of the Industrial Commission affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.