570 P.2d 484

**STATE of Arizona, Appellee,**

v.

**Ernest Wayne MERCER, Appellant.**

No. 3924.

Supreme Court of Arizona,
En Banc.

Sept. 22, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Ernest Wayne Mercer was informed against for a violation of A.R.S. § 13–895, alleged to have occurred on March 10, 1976. He was found guilty by a jury in September and sentenced to nine months in the county jail in October of that year. He appealed his conviction and sentence. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Appellant raises three issues on appeal. Since we are reversing on the first issue, it is unnecessary to meet the second and third challenges to his conviction.

A.R.S. § 13–895(A) reads:

"It shall be unlawful for any person, with intent to terrify, intimidate, threaten, harass, annoy or offend, *to telephone another* and use any obscene, lewd or profane language or suggest any lewd or lascivious act, or threaten to inflict injury or physical harm to the person or property of any person. It shall also be unlawful to attempt to extort money or other thing of value from any person, or to otherwise disturb by repeated anonymous telephone calls the peace, quiet or right of privacy of any person at the place where the telephone call or calls were received." (Emphasis added).

The complaint and information filed against appellant charged that he "did telephone Eloise Ann Mercer," his ex-wife, and used language and threats which violated the statute. It was clear, however, from the testimony at both the preliminary hearing and trial that, in fact, the appellant did not telephone his ex-wife; she telephoned him.

After the state presented its evidence at the trial, defense counsel moved for a judgment of acquittal, based on the plain language of the statute and the failure of the state to meet its burden. The motion was denied and appellant convicted.

The issue here is, did the trial court err in failing to grant the appellant's motion for judgment of acquittal? Our answer is yes.

"The most basic rule of statutory construction is that in construing the legislative language, courts will not enlarge the meaning of simple English words in order to make them conform to their own . . . views. [cite omitted] . . . [T]his is true even though the interpretation

which the court renders is harsh . . . Equally fundamental is the presumption that what the Legislature means, it will say." *Padilla v. Industrial Commission*, 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976).

A.R.S. § 1–211 reads, in part:

"Penal statutes shall be construed according to the fair import of their terms, with a view to effect their object and to promote justice."

In interpreting a forerunner to § 1–211 (and an almost identical statute) as early as 1918, the Arizona Supreme Court warned that, despite the language of § 1–211, the courts cannot

"extend the meaning of the language used by the legislature to include all cognate or related acts to those actually condemned . . . . If the letter of the law clearly excludes the state of facts propounded in the pleading, or does not reasonably include them, even though they be within the reason and policy of the legislation, the courts cannot, by implication or construction, declare a person charged . . . guilty of crime." *State v. Behringer*, 19 Ariz. 502, 506, 172 P. 660, 661 (1918).

Likewise, we cannot declare appellant, however offensive and fearful his language in this matter, guilty of telephoning another and committing the offense when he did not telephone the other. If the legislature had intended that such language and threats should be a public offense whenever communicated by phone, regardless of who initiated the call, it could easily have said so. *See*, for example, 47 U.S.C. § 223(1)(A); Ohio Revised Code, § 4931.31; Florida Statutes Annotated, § 365.16(1)(a). It did not, and therefore we must reverse for failure of the state to meet its burden of proof on this necessary element of the crime.

Reversed and remanded to the trial court with directions that the charge be dismissed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.