[Criminal No. 930.   Filed June 7, 1943.]

[137 Pac. (2d) 970.]

THE STATE OF ARIZONA, Appellant, v. R. B. JONES, Appellee.

Mr. Joe Conway, Attorney General, Mr. Richard F. Harless, County Attorney, and Mr. Francis J. Donofrio, Deputy County Attorney, for Appellant.

Messrs. Armstrong, Kramer, Morrison & Roche, for Appellee.

McALISTER, C. J.—On the 16th of April, 1942, the county attorney of Maricopa County, Arizona, filed the following amended information against H. B. Jones, for *failure to secure privilege sales tax license:*

"The said H. B. Jones on or about the 11th day of March, 1942, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there wilfully and unlawfully engage in business and continue to do business then and there having therefrom a gross income upon which a privilege tax is imposed by Chapter 77, Laws Regular Session, 12th Legislature 1935 as amended by Chapter 2, Laws of Special Session, Laws 1937, of the State of Arizona without having then and there or prior thereto secured a privilege license from the State Tax Commission of the State of Arizona pursuant to the provisions of Section 73–1312, Arizona Code Annotated, 1939, the said business the– and there being engaged in and continued to be engaged in by the said H. B. Jones, being then and there the operation of coin operated electric automatic phonograph machines, with the object of the gain of profit and not as a casual activity or sale, and the said business not then and there being a project of a religious or educational institution; the particulars and method of said operation of said business operated and engaged in by the said defendant is as follows:

"That the defendant is the owner of a number of phonograph machines so constructed that upon the insertion of a coin of lawful money of the U. S. into a slot

built into the machine or into a separate device therefore, and the depression of a button bearing the same number as the particular phonograph record which the player desires to hear, the machine by means of and with the assistance of springs, levers, plungers, electricity and gravity, automatically reproduces the musical selection recorded on the disc so selected; that the said phonograph machines are, by the said defendant placed in restaurants, cafes, lunchrooms, bars, stores and other business establishments in the County of Maricopa, State of Arizona, under an agreement between the said defendant and the owner or operator of said business establishments whereby a portion of the gross proceeds from the operation of said phonograph machines is paid by the said defendant to the owner or operator of such business establishment in which the said phonograph machine is placed; that the said phonograph machines are placed in said business establishments for the purpose of the entertainment and amusement of such person or persons as may pay the fee required for the playing of such phonograph record by the depositing of a coin therein, as aforesaid, and the playing of such phonograph selection as may be selected by such person or persons, and that the said phonograph machines now are and have been operated as aforesaid for the fee as aforesaid and for the entertainment and amusement of the said person or persons paying the said charge or fee and other persons present in such places."

The defendant moved to quash the information and on May 21, 1942, the court granted the motion. The state has appealed from this order.

Section 73–1303, Arizona Code 1939, which is a part of the excise revenue act, commonly referred to as the sales tax, provides that there shall be collected by the tax commission for the purpose of raising public moneys annual privilege sales taxes on the volume of the business or businesses therein enumerated and at the rates therein set forth for such businesses.

Subdivision (d) of that section provides in substance a tax of two per cent. of the gross proceeds of sales or

gross income from the business of selling any tangible personal property whatsoever at retail. The property with which we are dealing is a phonograph machine in which the customer merely inserts a coin in the slot, presses a button indicating the particular record desired and the machine plays it. Is the placing of the coin in the slot and the playing of the record therefor a sale of tangible personal property within the meaning of the excise revenue act? As used in that act the term " 'tangible personal property' means personal property which may be seen, weighed, measured, felt, touched, or is in any other manner perceptible to the senses." 73–1302, Arizona Code 1939. If the machine were one in which a coin were inserted and the customer received in return a package of candy, gum or other article of merchandise, there would be no question but that the transaction would constitute a sale of tangible personal property. But is it a sale of tangible personal property when all the customer secures for his money is the pleasure of hearing the phonograph play a record? The definition which the statute provides the expression, tangible personal property, shall have in the excise revenue act, is "personal property which may be seen, weighed, measured, felt, touched," or *is perceptible to the senses in any other manner* than seeing, weighing, measuring, feeling or touching. The playing of the record is perceptible to the sense of hearing and, hence, constitutes what the statute terms tangible personal property. The statute could not have made the playing of a record, in response to the coin placed in the slot, a sale of tangible personal property any more effective if it had made a special provision covering the situation.

██ It is our view that one engaged in the business of maintaining such a phonograph machine as that involved in this case is engaged in the business of selling tangible personal property and should pay the li-

416

cense fee which the statute provides for this privilege.

Inasmuch as the information charges an offense, the motion to quash upon the ground that it does not should have been denied. The judgment is accordingly reversed.

ROSS and STANFORD, JJ., concur.