468 P.2d 941

The STATE TAX COMMISSION of Arizona, Waldo DeWitt, John Hazelett and Robert Kennedy, the Members thereof, Appellants,

v.

Robert E. PECK and Roy Sollberger, Appellees.

No. 1 CA–CIV 1137.

Court of Appeals of Arizona,
Division 1,
Department B.

April 29, 1970.

Rehearing Denied June 8, 1970.

Review Granted June 30, 1970.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, Asst. Atty. Gen., Phoenix, for appellants.

Goodson, Richmond, Rose & Wolfram, by Larry J. Richmond, Phoenix, for appellees.

MORRIS ROZAR, Superior Court Judge.

This case involves the Transaction Privilege Tax, A.R.S. § 42–1301 et seq. By a provision added in 1967, this tax, which is measured by gross proceeds, is imposed upon a person engaged in the business of "[l]easing or renting tangible personal property for a consideration". A.R.S. § 42–1314, subsec. A, par. 2. The question before us is whether this provision renders the owners of coin-operated automatic laundry and car-washing establishments liable to pay the tax.

The plaintiff-appellee Peck owns a laundromat, in which are installed automatic washing machines and dryers. The plaintiff-appellee Sollberger has a place of business which features automatic car-washing machinery. All of the equipment referred to is coin-operated and "self-service", i. e., the members of the general public who patronize both establishments perform all the labor necessary to its full utilization. While the rather thin record presented to us indicates that the parties presume a considerable common understanding of the precise nature of the equipment and its operation, there are no facts in dispute, and we are advised in oral argument that all of the equipment is in some manner affixed to or at least permanently stationed on the appellees' premises. It is clear that pa-

trons come to the appellees' premises with their to-be cleaned property, and use the machines on the premises. There is no suggestion that a patron could—legally or physically—remove the equipment from the premises. It is also clear that the appellees furnish, in addition to the machines, the water and electricity and heat without which the machines would not be effective. It is agreed that the laundry and car-washing equipment are to be considered functionally and legally alike for the purposes of this litigation.

In 1968, the appellant State Tax Commission, pursuant to statutorily delegated rule-making power (A.R.S. § 42–1305), promulgated its Regulation 2.13.15 to implement the terms of A.R.S § 42–1314, subsec. A, par. 2. This regulation listed "washing machines" in a demonstrative list of items of personal property which, if rented for a consideration, would result in Transaction Privilege Tax liability. Acting under this regulation, the Commission required appellees to pay license fees and taxes for 1968. Appellees paid the fees and taxes under protest and commenced this action to recover the sums paid, and for declaratory relief. After the close of the pleadings, both appellees and the Commission moved for summary judgment. Appellees' motion was granted.

The Commission contends that when appellees' patrons insert coins and activate the machines, a bailment for the mutual benefit of the parties is created, and that such a bailment is a "lease" or "rental" of personal property. It is argued that there is a "constructive delivery" of the machine to the patron when he inserts his coins, and that an implied contract of bailment arises which gives the patron possession of the machine until it ceases operation. That analysis fails to consider the valueless condition of the machines in the absence of the various conduits which bring them water, power, and heat—items which are presumably consumed and which would accordingly have to be viewed as purchased rather than leased. This in turn raises the question of affixation, and raises the machines in question are personalty or part of the realty.[1] Aside from these latter considerations, a bailment argument substantially identical to the Commission's here was advanced and squarely rejected in Garcia v. Halsett, 3 Cal.App.3d 319, 82 Cal.Rptr. 420 (1970), a personal injury case. The court held that a laundromat patron was a licensee of the owner of the premises, rather than a bailee of the coin-operated machine. We agree with this conclusion.[2]

The issue is simply whether plaintiffs are in the business of "leasing" or "renting" personal property within the purview of § 42–1314, subsec. A, par. 2. As used in this subsection, these essentially synonymous terms are not defined.[3] The words " * * * will be read to gain their fair meaning, but not to gather new objects of taxation by strained construction or implication." Arizona State Tax Commission v. Staggs Realty Corp., 85 Ariz. 294, 297, 337 P.2d 281, 283 (1959). See also State Tax Commission v. Miami Copper Co., 74 Ariz. 234, 243, 246 P.2d 871, 877 (1952).

1. The Commission calls our attention to A.R.S. § 42–1314, subsec. A, par. 3, which imposes the Transaction Privilege Tax on "[l]easing or renting for a consideration the use or occupancy of real property * * *." While there is some suggestion that this subsection might possibly have application to appellees' businesses, the appellant Commission's reply brief states that "The only issue in this appeal is whether or not a customer of a coin-operated laundry * * * [or] car-wash establishment is 'renting tangible personal property for consideration.' "

2. Compare Stephens v. McGuire, 184 Kan. 46, 334 P.2d 363 (1959) ; Smith v. Kelly, 246 Md. 640, 229 A.2d 79 (1967) ; and Brookshire v. Florida Bendix Co., 153 So.2d 55 (Fla.App.1963), certiorari dismissed, 163 So.2d 881 (Fla.1964).

3. Compare A.R.S. § 42–1301, subsecs. 12 and 13, which refer to the terms "lease" and "rental" in a special context for the specialized purpose of defining a "sale".

**178**

As one court has stated, "It is the *transfer of absolute control and possession* of property at an agreed rental which differentiates a lease from other arrangements dealing with property rights." Feder v. Caliguira, 8 N.Y.2d 400, 208 N.Y.S.2d 970, 972–973, 171 N.E.2d 316 (1960). (Emphasis added). We find no such complete transfer of dominion in the coin-activation of a stationary machine on the owner's premises. The owner's retained control inheres in the facts that the machine may only be used where it is placed, and only with the utilities furnished by him.

One of the cases relied upon by the Commission is Gay v. Supreme Distributors, Inc., 54 So.2d 805 (Fla.1951). The court appears to hold in Gay that proceeds-splitting agreements between the *owner* of coin-operated juke boxes and other amusement devices and *tavernkeepers*, etc., where the devices were placed amounted to lease agreements within the meaning of provisions of a sales tax. The rationale of the decision is not clear; we agree with the editor of the annotation in 100 A.L.R.2d 1112 at 1114 when he states that the court's holding was reached "without elaboration". The Gay case, though, is by no means our case, since Gay is concerned with the transactional relationship between an owner and "middlemen" to whom the owner had given possession of the devices in question, while our case involves the relationship between an owner in possession of his own machines on his own property and the ultimate "consumer".

One case involving an issue similar to that raised here is Undercofler v. Whiteway Neon Ad, Inc., 114 Ga.App. 644, 152 S.E.2d 616 (1966). There the parties entered into a written lease of personal property, and were held bound by the relationship which they had intentionally created. The court made the following statement on the nature of a lease of personal property:

"When used with reference to tangible personal property the word 'lease' means a contract by which one owning such property grants to another the right to possess, use and enjoy it for a specified * * * time in exchange for the periodic payment of a stipulated price, referred to as rent."

(152 S.E.2d at 618).

We agree with this statement.

We do not hold that the Commission's Regulation 2.13.15 is invalid insofar as it refers to washing machines. A person may engage in the business of leasing or renting washing machines, and if he does, he must pay the Transaction Privilege Tax. Under the facts we simply find no lease or rental of the type of coin-operated machines involved here.

Affirmed.

HAIRE and JACOBSON, JJ., concur.

NOTE: Judge WILLIAM E. EUBANK, having requested that he be relieved from consideration of this matter, Judge MORRIS ROZAR was called to sit in his stead and participate in the determination of this decision.