476 P.2d 849

The STATE TAX COMMISSION of Arizona, Waldo DeWitt, John Hazelett, and Robert Kennedy, the members thereof, Appellants,

v.

Robert E. PECK and Roy Sollberger, Appellees.

No. 10085–PR.

Supreme Court of Arizona, In Banc.

Nov. 19, 1970.

Gary K. Nelson, Atty. Gen. by Leonard M. Bell, Asst. Atty. Gen., for appellants.

Goodson, Richmond, Rose & Wolfram by Larry J. Richmond, Phoenix, for appellees.

UDALL, Justice:

The Arizona legislature in 1967 amended the Arizona taxing statutes to impose the transaction privilege tax, commonly referred to as the "sales tax" A.R.S. § 42–1301 et seq., upon businesses engaged in the renting or leasing of personal property. The sole issue in this case is whether the legislature intended to tax the proceeds of coin-operated laundromats and car-washing machines as rental of personal property under A.R.S. § 42–1314 as amended.

Since 1968 the Commission has required plaintiffs to pay license fees and taxes under the transaction privilege tax. Plaintiffs paid under protest and brought this action to recover the sums paid and for declaratory relief. The Superior Court granted plaintiffs' motion for summary judgment and the Court of Appeals, 12 Ariz.App. 176, 468 P.2d 941 (1970), affirmed. We granted the State's petition for review, and after careful consideration of all the arguments advanced by the parties, we hold that the plaintiffs are required to pay the transaction privilege tax. The decision of the Superior Court is reversed

and the opinion of the Court of Appeals is vacated.

Plaintiff-appellee Peck is the owner of a laundromat in which are installed coin-operated washing machines and dryers. Members of the public come to the laundromat with their articles to be cleaned. After depositing a fixed sum of money in the machines the customers obtain exclusive use of the machines for a certain period of time. There is no question that the customers themselves perform all the manual activities necessary for the use of the machine.

Plaintiff-appellee Sollberger is the owner of a business in which is installed automatic car-washing equipment. This equipment, like the laundromat equipment, is operated by the customers. Both plaintiffs provide the utilities, including heat and water, for the operation of the equipment. For the purpose of this litigation the two plaintiffs have agreed that they are to be considered alike. No material facts are disputed.

A.R.S. 42–1314 now provides in pertinent part as follows:

> § 42–1314. Operating amusement places; exception; leasing or renting of property; exemption
>
> A. The tax imposed by subsection A of § 42–1309 shall be levied and collected at an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:
>
> 1. Operating or conducting theaters, movies, operas, shows of any type or nature, exhibitions, concerts, carnivals, circuses, amusement parks, manageries, fairs, races, contests, games, billiard and pool parlors and bowling alleys, public dances, dance halls, boxing and wrestling matches and any business charging admission fees for exhibition, amusement or instruction, other than projects of bona fide religious or educational institutions.
>
> 2. *Leasing or renting tangible personal property for a consideration.* Sales of tangible personal property to be leased or rented to a person engaged in the business of leasing or renting such tangible personal property for a consideration shall be deemed to be resale sales. * *
>
> 3. Leasing or renting for a consideration the use or occupancy of real property, including any improvements, rights or interest in such property. (Emphasis supplied.)

Pursuant to the 1967 amendment, the State Tax Commision in 1968 promulgated Regulation 2.13.15 which enumerated certain articles of personal property subject to taxation under A.R.S. § 42–1314, subsec. A, par. 2. Among the items included were "washing machines" and "dryers". This regulation was promulgated under the statutory authority granted the Commission by A.R.S. § 42–1305.[1]

The major dispute between the parties here concerns the meaning of the terms "leasing" or "renting" as used in § 42–1314, subsec. A, par. 2. The legislature has not defined these terms as they are used in this section, and it does not appear from the context that a special meaning was intended. We must therefore be guided by the ordinary meaning of the words. State Board of Dispensing Opticians v. Schwab,

---

1. The regulation provides in pertinent part as follows:

"*Equipment or Other Tangible Personal Property.* Effective March 22, 1968, income received from the renting or leasing of all equipment or tangible personal property is subject to the tax under this classification. Gross income or gross receipts derived from rental of tangible personal property includes, but is not limited to, the following: office equipment, construction equipment, restaurant equipment, data processing equipment, hospital equipment, athletic equipment such as shoes, carts, clubs, balls, gardening equipment, *washing machines, dryers,* televisions, radios, floor polishers, tuxedos and clothing, linen and towel supplies, rental of film for use of theaters, etc. Effective March 22, 1968, sales of tangible personal property to be leased or rented to a person engaged in the business of leasing or renting such tangible personal property for a consideration shall be deemed to be resale. sales." [Emphasis supplied]

93 Ariz. 328, 380 P.2d 784 (1963); Arizona State Tax Commission v. First Bank Building Corp., 5 Ariz.App. 594, 429 P.2d 481 (1967).

Webster's Third International Dictionary defines the verb "to rent" as "(1) to take and hold under an agreement to pay rent," or "(2) to obtain the possession and use of a place or article for rent." There is no question that when customers use the equipment on the premises of the plaintiffs herein, such customers have an exclusive use of the equipment for a fixed period of time and for payment of a fixed amount of money. It is also true that the customers themselves exclusively control all manual operations necessary to run the machines. In our view such exclusive use and control comes within the meaning of the term "renting" as used in the statute.

It is plaintiff's principal contention here that because the equipment is at all times located upon the premises of the plaintiffs, and because the plaintiffs as owners supply the utilities necessary to operate the machines, that the customers do not obtain a requisite degree of control or "possession" of the equipment. We do not believe that the terms "leasing" or "renting" as used in the statute require that the property so leased or rented be physically capable of being transported from one place to another by the customer. Nor do we believe that the mere attachment of a label such as "license", borrowed from other areas of law, can be dispositive of the tax question before us. We note also that transactions are not removed from operation of the sales tax merely because they involve use of a coin-operated machine. This court has held that the operation of a coin-operated phonograph is taxable as a "sale of tangible personal property." State v. Jones, 60 Ariz. 412, 137 P.2d 970 (1943).

In support of their argument that customers do not rent the equipment involved in this case, plaintiffs rely on two Opinions of the Attorney General. Opinions of the Attorney General No. 38-18, January 24, 1938, and No. 51-22, January 19, 1951. These opinions conclude that "laundries" and "dry cleaning establishments" are not taxable because they perform personal services. The provisions of A.R.S. § 42-1312, subsec. A, par. 2 exempt "professional or personal service operations" from the sales tax. The opinions of the Attorney General thus do not relate to the 1967 amendment here at issue. More importantly they quite clearly refer not to coin-operated laundromats but to establishments which perform all of the actual cleaning processes themselves. Indeed the operation of plaintiffs' businesses is characterized by the lack of personal services provided by the owner.

Plaintiffs also argue that because they paid sales tax on the equipment they purchased prior to 1967, the imposition of this tax on their operations since 1967 has resulted to some extent in double taxation. We cannot accept this position since plaintiffs at no time have been subjected to both taxes.

We must also reject plaintiffs' contention that the mechanics of the coin-operated machines make it difficult to "pass the tax on to the consumer." Plaintiffs' argument appears to be directed at the practical application of a tax on the proceeds of a machine. We see no reason to exempt plaintiffs on this account since a similar tax has been levied upon vending machine sales for many years. See Moore v. Arthur Realty Corp., 95 Ariz. 70, 386 P.2d 795 (1963). See also State v. Jones, 60 Ariz. 412, 137 P.2d 970 (1943).

The businesses in question do reasonably fall within the statutory categories taxed. Furthermore they do not even arguably fall within categories exempted from the tax. We accordingly hold that the plaintiffs are subject to the transaction privilege tax under A.R.S. § 42-1301 et seq.

The judgment of the trial court is reversed, and the opinion of the Court of Appeals is vacated.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and HAYS and McFARLAND, JJ., concur.