IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JONES OUTDOOR ADVERTISING, INC., an Arizona corporation,
*Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF REVENUE, an agency of the State of Arizona,
*Defendant/Appellee*.

No. 1 CA-TX 14-0006
FILED 7-16-2015

Appeal from the Arizona Tax Court
No.  TX2013-000017
The Honorable Dean M. Fink, Judge

**REVERSED AND REMANDED**

COUNSEL

DeConcini McDonald Yetwin & Lacy, P.C., Tucson
By James M. Susa, Sesaly O. Stamps
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Jerry A. Fries, Raj Saker, Benjamin H. Updike
*Counsel for Defendant/Appellee*

------

**OPINION**

Judge Peter B. Swann delivered the opinion of the court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

------

**S W A N N**, Judge:

**¶1**         Jones Outdoor Advertising, Inc. ("Jones") appeals from the tax court's grant of summary judgment in favor of the Arizona Department of Revenue ("Department"), finding Jones liable for transaction privilege tax ("TPT") on its sale of billboard advertising under A.R.S. § 42–5071(A).  For the following reasons, we reverse.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         Jones is an outdoor advertising company that owns billboards throughout the state of Arizona.  Jones contracts with customers that pay to display their messages on the billboards.

**¶3**         The Department audited Jones's income arising from its billboard advertising business for the period from January 2008 to March 2011.  The Department determined that Jones's business fell within the scope of A.R.S. § 42–5071(A), which imposes TPT on the leasing or renting of tangible personal property, and assessed TPT and interest against Jones in the amount of $275,047.20.  After exhausting its administrative remedies, Jones filed a complaint in tax court.  The parties filed cross-motions for summary judgment, and the tax court ruled in favor of the Department.  Jones timely appeals from the tax court's judgment.

**DISCUSSION**

**¶4**         Arizona's TPT is an "excise tax on the privilege or right to engage in an occupation or business in the State of Arizona."  *Ariz. Dep't of Revenue v. Mountain States Tel. & Tel. Co.*, 113 Ariz. 467, 468, 556 P.2d 1129, 1130 (1976).  It is not a sales tax, but rather a tax on the gross receipts of an entity's business activities.  *See* A.R.S. § 42–5008.

**¶5**         The issue in this case is whether Jones's sale of billboard advertising constitutes "leasing or renting tangible personal property for a consideration."  *Id.*  The question requires us to interpret § 42–5071(A) and our review therefore is de novo.  *Energy Squared, Inc. v. Ariz. Dep't of Revenue*, 203 Ariz. 507, 509, ¶ 15, 56 P.3d

686, 688 (App. 2002). Any ambiguity surrounding the scope and meaning of the statute must be resolved in favor of the taxpayer. *City of Phoenix v. Borden Co.*, 84 Ariz. 250, 252–53, 326 P.2d 841, 843 (1958).

## I. RENTING OR LEASING REQUIRES POSSESSION AND CONTROL.

¶6 A.R.S. § 42-5071(A) provides: "The personal property rental classification is comprised of the business of leasing or renting tangible personal property for a consideration."

¶7 Under our holding in *Arizona Dep't of Revenue v. Ariz. Outdoor Advertisers, Inc.*, billboards are personal property. 202 Ariz. 93, 102, ¶ 51, 41 P.3d 631, 640 (App. 2002).[1] *See also City of Scottsdale v. Eller Outdoor Adver. Co. of Ariz.*, 119 Ariz. 86, 92, 579 P.2d 590, 596 (App. 1978) ("Eller's ownership interest in the billboards both before and after the taking as between it and its landlord, was personal property ownership.") Because there is no dispute that Jones's customers pay consideration for the advertising, the issue in this case is whether Jones is "leasing or renting" the billboards to its customers.

¶8 The terms "leasing" and "renting" are not defined by statute, and we therefore look to their ordinary definitions. *Arizona State Tax Comm'n v. First Bank Bldg. Corp.*, 5 Ariz. App. 594, 601, 429 P.2d 481, 488 (1967). In *State Tax Commission v. Peck*, our supreme court interpreted the terms "leasing" and "renting" to determine whether TPT applied to income derived from a self-service laundromat and a self-service car wash.[2] 106 Ariz. 394, 395, 476 P.2d 849, 850 (1970). The court relied upon the following definition of "to rent" from Webster's Third

---

[1] The Department relies upon our decision in *Arizona Outdoor Advertisers* for the proposition that billboard advertising is taxable under § 42-5071. However, as the tax court noted below, that case, "while generally instructive, does not address the primary question presented here, which is the nature of the transaction between the billboard owner and the advertiser." *Arizona Outdoor Advertisers* did not address whether the transaction between a billboard owner and its customers constitutes leasing or renting -- the transaction in question was that between the billboard owner and the owner of the land on which the billboard was constructed. *Arizona Outdoor Advertisers*, 202 Ariz. at 102, ¶ 51, 41 P.3d at 640. In that case, the taxpayer never raised the issue of what constituted "renting or leasing" and apparently conceded that its business was subject to TPT under A.R.S. § 42-5071(A). *Id.* at 95, ¶ 10, 41 P.3d at 633.

[2] In *Peck*, the court applied a statutory predecessor to § 42-5071, which also assessed a tax on the activity of "[l]easing or renting tangible personal property for a consideration." *Peck*, 106 Ariz. at 395, 476 P.2d at 850.

International Dictionary: "'(1) to take and hold under an agreement to pay rent,' or '(2) to obtain the possession and use of a place or article for rent.'" *Id.* at 396, 476 P.2d at 851.

**¶9** Applying this definition, the court in *Peck* concluded that both the laundromat and the car wash were in the business of renting tangible personal property and therefore subject to TPT. *Peck,* 106 Ariz. at 396, 476 P.2d at 851. Notably, the court reasoned that:

> There is no question that when customers use the equipment on the premises of the plaintiffs herein, such customers have an **exclusive use** of the equipment for a fixed period of time and for payment of a fixed amount of money. It is also true that the customers themselves **exclusively control** all manual operations necessary to run the machines. In our view such **exclusive use and control** comes within the meaning of the term 'renting' as used in the statute.

*Id.* (emphasis added).

**¶10** Since the supreme court's decision in *Peck*, this court has twice addressed the question of what constitutes the leasing or renting of tangible personal property. *See Energy Squared, Inc. v. Ariz. Dep't of Revenue*, 203 Ariz. 507, 56 P.3d 686 (App. 2002); *City of Phoenix v. Bentley-Dille Gradall Rentals, Inc.*, 136 Ariz. 289, 665 P.2d 1011 (App. 1983). In both *Energy Squared* and *Bentley-Dille*, this court's focus was on whether the business owner gave up possession and control of the tangible personal property. In *Energy Squared*, we concluded that income from a tanning salon was not subject to TPT because the business owner "reserves overall control over its customers' use of tanning devices not merely by virtue of its control over its premises, but rather as a part of the business design by which it provides artificial tanning." 203 Ariz. at 511, ¶ 25, 56 P.3d at 690. In *Bentley-Dille*, we determined that income derived from the provision of construction equipment was not taxable because the taxpayer did not "give up possession and control" of the equipment. 136 Ariz. at 292, 665 P.2d at 1014. We held that "as a matter of law [ ] appellant did not give up possession and control of the Gradalls when it provided them to various construction projects with operators and thus, such activity was not 'renting' within the meaning of the transaction privilege tax." *Id.*

**¶11** Here, the Department argues that "Jones is in the business of renting billboards" and that the advertisers have exclusive use and control of the billboards for the duration of their contracts. Jones argues, however, that the customers do not have sufficient control over the billboards to constitute "renting" within the meaning of § 42–5071(A). We agree with Jones.

**¶12**        Jones retains possession and control of the billboards during the term of the contract with its customers, the advertisers, as evidenced by the following undisputed facts: (1) Jones owns the vinyl on which the advertisement is printed; (2) Jones affixes the vinyl to the billboard; (3) only Jones's employees are permitted on the billboard to post, re-post, repair, adjust or illuminate the billboard; (4) only Jones may hire an electrician, repair person, or other maintenance person to service the billboard; (5) under no circumstances does Jones permit its customers entry on the billboards; (6) Jones removes the vinyl at the end of the advertising period; (7) Jones retains possession of the vinyl after its removal; (8) under the terms of the contract, Jones reserves the right to relocate and assign the advertisement to another billboard location "of approximately equal advertising value"; and (9) Jones also "reserves the right at any time to refuse or withdraw any advertising copy in its sole discretion."  In view of these facts, we conclude that Jones's customers receive the mere right to have a message displayed on the billboards -- they do not enjoy possession or control of the billboards.[3] *See Snarr Adver., Inc. v. Utah State Tax Comm'n*, 432 P.2d 882, 884 (Utah 1967); *Federal Sign & Signal Corp. v Bowers,* 174 N.E. 2d 91, 93 (Ohio 1961) (holding that the rental of outdoor advertising signs was not subject to sales tax because the lease did not involve the transfer of possession).

## II.        THE LEGISLATURE HAS REPEALED THE TAX ON ADVERTISING.

**¶13**        Beginning in 1935, Arizona provided for a privilege tax on advertising, which applied to "[j]ob printing, engraving, embossing and copying, *advertising by billboards*, direct mail, radio, or by any means calculated to appeal to prospective purchasers."  Laws 1935, Chapter 77, § 2(c)(8) (emphasis added).  In 1986, as part of an act "providing for incremental removal of taxation from proceeds of local advertising," the Legislature expressly repealed the TPT on local advertising.  1982 Ariz. Sess. Laws ch. 188, pp. 509-511. The act provided that, "From and after December 31, 1985, sales of local advertising are exempt from the tax imposed by this paragraph," including "local advertising by billboard, direct mail, radio, television or by any other means."  1982 Ariz. Sess. Laws ch. 188, p. 511.  There is no indication the legislature repealed the tax because it believed the

---

[3]        Administrative regulations provide the following examples of tangible personal property that is included in the tax base under the personal property rental classification: "televisions, cars, trucks, lawnmowers, floor polishers, tuxedos, uniforms, furniture, towels, and linens." Arizona Administrative Code ("A.A.C.") Rule 15-5-1502(A).  Jones's customers do not possess or control the billboards in the same way that a customer who rents a television, a car, or any of the items listed in the regulation would possess and control the property.

advertising activity would be taxable under the personal property rental tax classification.

**¶14**        As the Department's own website confirms, the state does not currently impose a tax on advertising:

> There are some differences between the state and local authorities in the taxability of transactions.  For instance, **the state does not impose a transaction privilege tax** on 1) renting, leasing, or licensing for use residential real property or 2) **the sale of advertising**.  However, many cities do tax these activities.[4]

Indeed, cities and towns that follow the Model City Tax Code *do* impose a tax on advertising, including billboard advertising.  *See, e.g.*, Phoenix City Code § 14-405; Tucson City Code § 19-405.  It is undisputed that Jones paid the cities' tax on advertising, as applicable, during the audit period.

**¶15**        By repealing the tax on advertising, the Legislature manifested its intent that TPT not apply to billboard advertising.  If the Legislature had intended the personal property rental classification to extend to billboard advertising, it could have stated so explicitly.  *Cf. First Bank Bldg. Corp.*, 5 Ariz. App. at 601, 429 P.2d at 488 (holding that if the Legislature had intended to extend the transaction privilege to property owners on whose property the business is conducted it "could have easily spelled it out in the Statute").  Applying the rule of statutory construction that statutes imposing taxes must be construed in favor the taxpayer, we decline to extend § 42-5071 to billboard advertising.  *See Arizona Tax Comm'n v. Dairy & Consumers Co-op. Ass'n*, 70 Ariz. 7, 18, 215 P.2d 235, 242 (1950) (explaining the rule of statutory construction "that statutes imposing taxes will be most strongly construed against the government and in favor of the taxpayer or citizen").

---

[4]        http://www.azdor.gov/Business/TransactionPrivilegeTax.aspx.

**CONCLUSION**

**¶16** For the foregoing reasons, we reverse the decision of the tax court and remand with instructions for the tax court to enter summary judgment in favor of Jones. Jones has requested attorney's fees on appeal pursuant to A.R.S. § 12–348. A.R.S. § 12–348(B)(1) permits us to award attorney's fees to a party that successfully challenges the assessment or collection of taxes. We grant Jones's request subject to the limitation imposed by § 12-348(E)(5).



Ruth A. Willingham · **Clerk of the Court**
**F I L E D**: ama