NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DAJUAN WILLIAMS, *Petitioner/Appellant,*

*v.*

ARIZONA DEPARTMENT OF ADMINISTRATION RISK
MANAGEMENT; ARIZONA DEPARTMENT OF CORRECTIONS,
*Respondents/Appellees,*

STATE OF ARIZONA, *Real Party in Interest/Appellee.*

No. 1 CA-CV 15-0207
FILED 8-9-2016

---

Appeal from the Superior Court in Maricopa County
No. LC2013-000505-001
The Honorable Randall H. Warner, Judge

**VACATED AND REMANDED**

---

COUNSEL

Dajuan Williams, Florence
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Neil Singh
*Counsel for Respondents/Appellees*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

**J O N E S**, Judge:

**¶1**        Dajuan Williams appeals the superior court's dismissal of his petition for special action. For the following reasons, we vacate the order of dismissal and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In September 2013, Williams filed a petition for special action in the superior court arguing Appellees (collectively, the State) abused their discretion and acted in an arbitrary and capricious manner in offering Williams $112.63 in compensation for items the State determined it had lost while Williams was incarcerated, and which Williams asserts to be worth $266.40. Both parties filed dispositive motions, and, in January 2015, the superior court entered an order dismissing Williams' petition pursuant to Arizona Revised Statutes (A.R.S.) section 31-201.01(L)[1] (barring prisoners from bringing certain claims against the state for injuries suffered while in custody). Williams timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶3**        Williams sole argument on appeal is that A.R.S. § 31-201.01(L) is unconstitutional. We do not reach this issue, however, because we conclude A.R.S. § 31-201.01(L) is not applicable to Williams' petition for special action. *See KPNX-TV Channel 12 v. Stephens*, 236 Ariz. 367, 369, ¶ 6 (App. 2014) ("[W]e need not resolve the dispute on constitutional grounds if 'other principles of law are controlling and the case can be decided without ruling on the constitutional questions.'") (quoting *In re $315,900.00*, 183 Ariz. 208, 211 (App. 1995)). We review the application and interpretation of statutes *de novo*. *Great W. Bank v. LJC Dev., L.L.C.*, 238 Ariz.

---

[1]      Absent material changes from the relevant date, we cite a statute's current version.

470, 477, ¶ 18 (App. 2015) (citing *Gomez v. Maricopa Cnty.*, 175 Ariz. 469, 471 (App. 1993)).

¶4        Pursuant to A.R.S. § 31-201.01(L):

> A person who is convicted of a felony offense and who is incarcerated while awaiting sentence or while serving a sentence imposed by a court of law may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in the custody of the state or its political subdivisions or agencies unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute.

The term "injuries" within A.R.S. § 31-201.01(L) has been interpreted to include non-physical injury resulting from the deprivation of personal property. *See Tripati v. State, Ariz. Dep't of Corr.*, 199 Ariz. 222, 225, ¶ 7 (App. 2000) (rejecting the plaintiff's assertion that an overly broad definition of A.R.S. § 31-201.01(L) conflicts with subsection (F)'s procedure for a prisoner's tort claims). But, Williams' petition to the superior court is not a tort claim seeking an award of damages or compensation for injuries suffered. Rather, Williams contends the State acted in an arbitrary and capricious manner by disregarding its own policies and offering him less than he requested to replace items of personal property, and he requests the court review the propriety of and/or compliance with the State's internal grievance procedure. Though perhaps inartful, his petition is essentially one for review of the State's actions, which is fundamentally different than a substantive request for compensation prohibited by A.R.S. § 31-201.01(L), *see Cochise Cnty. v. Borowiec*, 162 Ariz. 192, 195 (App. 1989) (holding "an action seeking judicial review of an administrative decision is, in a word, an entirely different proceeding" than one for tort damages, and, therefore, procedural rules applicable to claims against a public entity do not apply), and, under the right circumstances, subject to judicial review, *see generally* Administrative Review Act, A.R.S. §§ 12-901 to -914. Therefore, A.R.S. § 31-201.01(L) does not apply.

## CONCLUSION

¶5        The superior court erred in relying on A.R.S. § 31-201.01(L) as the basis for dismissing Williams' petition for special action. We vacate the court's order of dismissal and remand for a determination of whether

special action jurisdiction is otherwise appropriate. *See Frimmel v. Sanders*, 236 Ariz. 232, 238, ¶ 22 (App. 2014) (noting the acceptance of special action jurisdiction is discretionary and generally exercised "only in cases that raise issues of statewide importance, issues of first impression, pure legal questions, or issues that are likely to arise again").



Ruth A. Willingham · Clerk of the Court
FILED: AA